# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CHRISTOPHER ROBINSON,

    Plaintiff,

v.                                               Case No. 3:24-cv-507-TJC-JBT

WARDEN LAMB, et al.,

    Defendants.

## ORDER

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a civil rights Complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff names five Defendants – Warden Lamb; Assistant Warden Norman; Colonel Crawford; Fire Safety Officer K. Tucker; and Lock/Key Officer Underhill. Id. at 2-3.

According to Plaintiff, Defendants Tucker and Underhill are responsible for the "upkeep and maintenance" of the exits, fire exits, and doors. Id. at 3. He contends Defendant Crawford is responsible for all security issues, and Defendant Norman is responsible for the actions of Crawford, Tucker, and Underhill. Id. Plaintiff also asserts Defendant Lamb is responsible for "the overall running, upkeep, safety, security, and responding to any formal grievance." Id. Plaintiff states that prior to January 26, 2024, the entry/exit door in B-Dorm was damaged during an unrelated incident and now the door is

missing a handle, "requiring a person to hold the outside of the door edge in order to pull it towards the doorframe hard enough for the lock to secure and the door to shut." Id. at 4. According to Plaintiff, on January 26, 2024, an unnamed officer ordered Plaintiff to close the damaged door. Id. As Plaintiff was closing the door, his right thumb got caught between the door and the doorframe and "was crushed, broken, and nearly severed." Id. After the incident, Plaintiff filed an informal grievance, which officials never responded to. Id. Plaintiff also contends he filed a medical grievance, but officials incorrectly returned it, along with all other attempts to grieve this incident, without action. Id. at 5.

Plaintiff maintains Defendants' actions violated his rights under the Due Process Clause and the Eighth Amendment. Id. at 3. As relief, he requests that the Court order Reception and Medical Center to properly fix all entry/exit doors; order medical to issue all appropriate medical passes for Plaintiff's injuries; and monetary damages. Id. at 6.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in

both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x

982, 982 (11th Cir. 2017)[1] (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's claims against Defendants are subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Plaintiff's Eighth Amendment claim relates to the conditions of his confinement. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). "To establish an Eighth Amendment violation, a

---

[1] Although the Court does not rely on unpublished opinions as precedent, they may be cited in this Order because the Court finds their reasoning persuasive on a particular point. See McNamara v. GEICO, 30 F. 4th 1055, 1060-61 (11th Cir. 2022). Rule 32.1 of the Federal Rules of Appellate Procedure permits the Court to cite unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

4

prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct." Oliver v. Fuhrman, 739 F. App'x 968, 969 (11th Cir. 2018) (citing Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). The Eleventh Circuit has explained:

> Under the objective component, a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. Id.[2] The challenged condition must be extreme and must pose an unreasonable risk of serious damage to the prisoner's future health or safety. Id. The Eighth Amendment guarantees that prisoners are provided with a minimal civilized level of life's basic necessities. Id.

Oliver, 739 F. App'x at 969-70. Next, "[t]o make out the subjective component of an Eighth Amendment deliberate-indifference claim, a plaintiff must establish that the defendant (1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) acted with more than gross negligence." Wade v. McDade, 67 F.4th 1363, 1374 (11th Cir. 2023) (emphasis in original).

Here, Plaintiff fails to allege facts showing that the broken door rose to the level of an objectively serious condition. Indeed, he does not allege the broken door amounted to an objectively serious deprivation of a basic human need such as food, medical care, sanitation, or physical safety. Plaintiff also fails to allege facts suggesting Defendants knew of the risk to Plaintiff and

---

[2] Chandler, 379 F.3d at 1289.

5

knowingly disregarded that risk. Instead, Plaintiff's allegations, at most, suggest Defendants acted negligently in failing to repair the door. But allegations of mere negligence do not rise to the level of a constitutional violation under § 1983. See Harris v. Coweta Cnty., 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)) ("Accidents, mistakes, negligence, and medical malpractice are not constitutional violation[s] merely because the victim is a prisoner.") (internal quotation marks omitted; alteration in original); see also Diaz v. Baldwin, No. 18-cv-1426-SMY, 2018 WL 6068326, at *3 (S.D. Ill. Nov. 20, 2018) (finding the plaintiff's claims about defective door that injured the plaintiff's hand did not amount to deliberate indifference claim but instead only supported a state-law negligence claim).[3]

Also, Plaintiff tries to hold Defendants liable based on the theory of respondeat superior, but supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Instead, a supervisor can be

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

liable only when that supervisor "personally participates in the alleged unconstitutional conduct or when there is a causal connection" between the supervisor's actions and the constitutional deprivation. Id. Because Plaintiff does not allege that any Defendant personally participated in any unconstitutional conduct, the viability of his supervisory claim depends on whether he plausibly alleges a causal connection between Defendants' actions and the alleged constitutional deprivation.

Plaintiff may show the requisite causal connection in one of three ways: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [or she] fails to do so"; (2) "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights"; or (3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinate would act unlawfully and failed to stop them from doing so." Id. (internal citations and quotation marks omitted).

Here, Plaintiff does not allege facts establishing a causal connection. For example, he does not allege a history of widespread abuse, nor does he allege that Defendants knew of a need to train their subordinates and failed to do so. And Plaintiff does not identify a policy or custom that caused the alleged constitutional violation. Thus, Plaintiff has failed to allege a causal connection

7

between any action or inaction of Defendants and a violation of his constitutional rights.

Finally, Plaintiff fails to state a due process claim related to Defendants' return of his grievances or failure to take corrective action in response to his grievances. Indeed, Plaintiff does not have a constitutionally protected liberty interest in a prison grievance procedure. See Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) ("[When ruling on an inmate's claim that he was denied use of a prison's grievance procedure, an inmate has no constitutionally-protected liberty interest in access to that procedure."); see also Doe v. Moore, 410 F.3d 1337, 1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory." (quotation omitted)). As such, he fails to state a claim under the Due Process Clause.[4]

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without

---

[4] Plaintiff has not sued anyone who was directly involved with his medical care, or lack thereof.

prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of June, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7
C:    Christopher Robinson, #C118725